**E-FILED on** ____8/26/05____

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TODD S. GLASSEY,<br><br>Plaintiff,<br><br>v.<br><br>AMANO CORPORATION, MARK WILLIAMS, HUDSON VENTURE PARTNERS, JAY GOLDBERG, THE NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGIES, and A. FRANCIS ACKER<br><br>Defendants. | No. C-05-01604 RMW<br><br>ORDER VACATING HEARINGS ON PLAINTIFF'S MOTIONS; DENYING MOTION TO STAY MOTIONS TO DISMISS<br><br>[Re Docket Nos. 95, 103, 105] |

*Pro se* plaintiff Todd S. Glassey has apparently calendared several motions for September 9, 2005 involving many of the defendants named in this action.[1]  Defendant National Institute of Standards and Technologies ("NIST") moved for summary judgment, setting the hearing for August 19, 2005.  Hudson Venture Partners ("Hudson") has filed a motion to dismiss that is presently calendared for October 28, 2005.  Because it would be more efficient to consider the motions to dismiss in tandem, the court continued NIST's motion to dismiss to October 28, 2005 to coincide with the Hudson Partners motion to dismiss.

---

[1] Plaintiff appears to be filing motions under the heading of proposed orders, although admittedly, it is not certain.  Thus, it is unclear to the court which motions plaintiff believes are calendared for September 9, 2005.

1   On August 19, 2005, the court received a letter from defendant Hudson requesting that the motions calendared for September 9, 2005 be moved to October 28, 2005.[2] It contends it was not aware that the motions had been calendared. Plaintiff responded with a letter to the court stating that all defendants were served with notice of the calendared motions.

As Plaintiff has been granted access to ECF, all documents filed by him since early July have been e-filed. Thus, these notices were served by e-mail on defendants. Nevertheless, the court finds that it would serve the interest of judicial economy to consider plaintiff's September 9 motions on the same date at the October 28, 2005 motions to dismiss. The court will take the opportunity to decide whether Glassey's causes of action survive the various defendants' 12(b)(6) motions before considering the merits of his various motions.

**ORDER**

The court vacates all hearing dates except for defendants' motions to dismiss. The court also vacates the case management conference scheduled for September 2, 2005. The following motions to dismiss are calendared for October 28, 2005: NIST's Motion to Dismiss (Docket No. 66), Hudson's Motion to Dismiss (Docket No. 89). The court will also conduct a case management conference on that date at 10:30 a.m. The parties shall file a joint case management statement no later than October 21, 2005.

Should any other defendant seek to dismiss plaintiff's claims against it, that defendant shall file notice such motion no later than September 2, 2005. If a defendant has previously moved to dismiss but the hearing is not calendared for October 28, 2005, that defendant is to renotice its motion to dismiss for October 28, 2005 no later than September 2, 2005.[3] Plaintiff's motion to stay the pending motions to dismiss (Docket No. 95) is DENIED.

---

[2] Plaintiff's letter misconstrued the court's actions as intentionally permitting his calendared motions to go forward in advance of the motions to dismiss. As set forth above, consolidating the hearings on the motion to dismiss was made for the sake of efficiency, not as any indication of the court's opinions of the merits of this action.

[3] In particular, the court notes that there may be a motion to dismiss filed by Mark Williams pending but cannot determine when (or if) that motion is calendared or if has been otherwise withdrawn or mooted by amendment of the complaint.

Further, plaintiff is to submit before September 2, 2005 a list of motions on the docket as of August 19, 2005 that he believes should be calendared. The list shall include *only* the following information for each motion:

- Title of the document as listed on ECF
- Docket number
- Date on which the motion was originally calendared
- Which defendants were served on the motion
- A brief (no more than 4 lines) description of the basis or purpose of the motion

The court will review these motions in conjunction with plaintiff's workflow document (Docket No. 71-1) and will determine whether further briefing or a hearing is appropriate. The court will issue a written order regarding which of plaintiff's pending motions should be calendared, and will set briefing and argument schedules for such motions.

DATED:      8/25/05                                    /s/ Ronald M. Whyte
                                                       RONALD M. WHYTE
                                                       United States District Judge

ORDER VACATING HEARINGS ON PLAINTIFF'S MOTIONS; DENYING MOTION TO STAY MOTIONS TO DISMISS—C-05-01604 RMW
MAG                                                    3

1  **Notice of this document has been electronically sent to:**

2  **Plaintiff:**

3  Todd Steven Glassey     todd.glassey@att.net

4

   **Counsel for Defendant(s):**
5
   Andrea L. Courtney      andrea.courtney@pillsburylaw.com
6  Peter L. Isola          peterisola@dwt.com
   Mark St. Angelo         mark.st.angelo@usdoj.gov
7  Joann M. Swanson        joann.swanson@usdoj.gov

8
   Counsel are responsible for distributing copies of this document to co-counsel that have not registered for
9  e-filing under the court's CM/ECF program.

10

11

12 **Dated:**      8/26/05                          /s/ MAG
                                              **Chambers of Judge Whyte**
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER VACATING HEARINGS ON PLAINTIFF'S MOTIONS; DENYING MOTION TO STAY MOTIONS TO DISMISS—C-05-01604 RMW
MAG                                                    4