1

2

3

4                                                        **E-FILED on** ___3/31/06___

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12   TODD S. GLASSEY,                        | No. C-05-01604 RMW

13          Plaintiff,                        | ORDER GRANTING DEFENDANTS'
                                              | MOTIONS TO DISMISS AND GRANTING
14       v.                                   | SUMMARY JUDGMENT IN FAVOR OF
                                              | DEFENDANTS WITH LEAVE TO AMEND
15   AMANO CORPORATION; MARK                  | AS TO THE NATIONAL INSTITUTE OF
     WILLIAMS; HUDSON VENTURE                 | STANDARDS AND TECHNOLOGIES &
16   PARTNERS, L.P.; JAY GOLDBERG; THE        | ORDER ON ALL OTHER PENDING
     NATIONAL INSTITUTE OF STANDARDS          | MOTIONS
17   AND TECHNOLOGIES; and A. FRANCIS         |
     ACKER;                                   | **[Re Docket Nos. 8, 11, 13, 17, 18, 23, 34, 37,**
18                                            | **39, 40, 41, 48, 50, 53, 54, 56, 65, 66, 71, 72,**
           Defendants.                        | **75, 76, 77, 78, 79, 80, 81, 89, 101, 125]**
19

20       Todd S. Glassey has filed suit against multiple defendants for claims allegedly arising from

21  the bankruptcy of his former employer, CertifiedTime, Inc.  The defendants have moved to dismiss

22  on multiple grounds.  For the reasons given below, the court will grant all the defendants' motions.

23                            **I.  PRELIMINARY MATTERS**

24       The parties have submitted voluminous records to the court.  Since both sides have made

25  extensive references to this evidence in connection with the motions to dismiss under Rule[1] 12(b)(6),

26

27  _____

       [1]      All references to a "Rule" are to a Federal Rule of Civil Procedure.
28

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND GRANTING SUMMARY JUDGMENT IN FAVOR OF
DEFENDANTS WITH LEAVE TO AMEND AS TO THE NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGIES &
ORDER ON ALL OTHER PENDING MOTIONS—No. C-05-01604 RMW
KMF/JAH

1    the court accepts this evidence and will treat the motions to dismiss of Amano Corporation, Mark

2    Williams, Jay Goldberg, and Hudson Venture Partners, L.P., as motions for summary judgment

3    under Rule 56, as allowed by Rule 12(b).  The court will also treat the motion to dismiss the breach-

4    of-contract claim by the National Institute of Standards and Technologies ("NIST") as one for

5    summary judgment.

6          The court also takes judicial notice of the prior proceedings between these parties, both those

7    before the bankruptcy court and the California Superior Court.  A federal court "may take notice of

8    proceedings in other courts, both within and without the federal judicial system, if those proceedings

9    have a direct relation to matters at issue."  *See United States ex rel. Robinson Rancheria Citizens*

10   *Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  It will become apparent in the course of

11   this order that the parties' prior proceedings relate directly to Glassey's current action.

12                            **II.  LITIGATION HISTORY**

13         CertifiedTime was formed in 1999.  2d Am. Compl. ¶ 10.  Its purpose was to develop a

14   commercial internet timing service.  *Id*. ¶¶ 10-12.  Glassey, Francis Acker, Williams, and Goldberg

15   were all involved in CertifiedTime.  *Id*. ¶¶ 10, 14-15.  Goldberg was also a principal of Hudson;

16   Hudson invested in CertifiedTime.  *Id*. ¶ 15-16.

17         In early 2000, CertifiedTime entered into a contract entitled "Cooperative Research &

18   Development Agreement" with NIST.  *See* St. Angelo Decl., Ex. A ("CRADA") at 1, 9.  Glassey

19   was listed as CertifiedTime's "Principal Investigator" for purposes of the contract.  *Id*. at 12.  The

20   purpose of the contract was for NIST and CertifiedTime to "study[] secure methods of time-data

21   distribution offering the greatest precision across open networks such as the Internet and across

22   closed networks adjoining the Internet such as are common in the commercial sector."  *Id*. at 13.

23         On May 21, 2001, Todd Glassey sued Hudson, Goldberg, Williams, and CertifiedTime in the

24   California Superior Court.  Makris Decl. ¶ 3.  CertifiedTime filed for bankruptcy, and Glassey's

25   action was removed to federal court and consolidated with CertifiedTime's bankruptcy proceeding.

26

27

28

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND GRANTING SUMMARY JUDGMENT IN FAVOR OF
DEFENDANTS WITH LEAVE TO AMEND AS TO THE NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGIES &
ORDER ON ALL OTHER PENDING MOTIONS—No. C-05-01604 RMW
KMF/JAH                                                   2

1  *Id.* Glassey's third amended complaint in his first adversarial bankruptcy proceeding[2] contained

2  claims against Hudson, Goldberg, and Williams for violations of the California Corporations Code,

3  fraud and concealment, tortious interference with prospective economic advantage, and violations of

4  California Business and Professions Code § 17200.  Makris Decl., Ex. A.

5       On May 13, 2002, Glassey agreed to accept $65,000 from Hudson, Goldberg, and Williams

6  in exchange for a release of all claims against them.  *Id.* ¶ 4.  Under the terms of this release, Glassey

7  gave up "all claims of every nature . . . whether known or unknown and whether suspected or

8  unsuspected, existing" at that time.  *Id.*, Ex. B. (Settlement Agreement at 2).  The release specifically

9  mentioned that Glassey was surrendering "all claims against" Hudson, Goldberg, and Williams

10  "arising out of or in connection with any claims or assets which [Glassey] acquired or could have

11  acquired from the Trustee in Bankruptcy for CertifiedTime, Inc.," and "all claims in any way related

12  to . . . CertifiedTime, Inc.," or Hudson, Goldberg, and Williams's "roles as investors, officers,

13  directors[,] employees or agents of CertifiedTime, Inc."  *Id.*  Pursuant to the release, the signatories

14  stipulated to a dismissal with prejudice of Glassey's action in the bankruptcy court, and on May 28,

15  2002, Judge Marilyn Morgan ordered Glassey's action dismissed on that basis.  Adv. Proc. No.

16  01-5317, Docket entry for 5/28/2002.

17       Around a year later, Glassey purchased certain assets, including the rights under a contract

18  between CertifiedTime and Amano Corporation, from the CertifiedTime bankruptcy estate.  *See* Yoo

19  Decl., Ex. C (Notice of Tr.'s Intent to Sell at 1).  As part of this transaction, he agreed to surrender

20

21

22       [2]     Glassey filed a total of four adversary proceedings in connection with CertifiedTime's bankruptcy, No. 01-54207-MM: (1) *Glassey v. CertifiedTime, Inc.*, Adv. Proc. No. 01-5317; (2) *Glassey v. CertifiedTime, Inc.*, Adv. Proc. No. 02-5491; (3) *Glassey v. Amano Corp.*, Adv. Proc. No.

23  04-5142; and (4) *Glassey v. Amano Corp.*, Adv. Proc. No. 04-5532.  The bankruptcy court dismissed the first with leave to amend twice, and the court dismissed the matter with prejudice pursuant to

24  stipulation on May 28, 2002.  *See* Adv. Proc. No. 01-5317, Docket entries for 12/14/2001, 1/11/2002, 5/28/2002.  Glassey's second adversary proceeding was dismissed for lack of

25  prosecution on August 22, 2003. *See* Adv. Proc. No. 02-5491, Docket entry for 8/22/2003.  The bankruptcy court dismissed the third case pursuant to stipulation on August 31, 2004.  *See* Adv.

26  Proc. No. 04-5142, docket entry 8/31/2004.  (This third case involved minor proceedings in the district court as case No. C-04-02522 JW.)  The bankruptcy court dismissed Glassey's complaint in

27  the fourth case for lack of subject-matter jurisdiction on March 22, 2005.  *See* Adv. Proc. No. 04-5532, Mem. Decision (Mar. 22, 2005); *see also* Makris Decl., Ex. E.

28

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND GRANTING SUMMARY JUDGMENT IN FAVOR OF
DEFENDANTS WITH LEAVE TO AMEND AS TO THE NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGIES &
ORDER ON ALL OTHER PENDING MOTIONS—No. C-05-01604 RMW
KMF/JAH                                                    3

1   all claims against the bankruptcy trustee and the estate.  *Id*.  The bankruptcy court approved the sale

2   on May 22, 2003.  No. 01-54207, Docket entry for 5/22/2003.

3          On July 15, 2003, Glassey demanded arbitration (as required by the contract between

4   CertifiedTime and Amano) to resolve ownership of assets connected to CertifiedTime.  *See* Yoo

5   Decl., Ex. F.  Glassey claimed that he was entitled to certain assets of CertifiedTime controlled by

6   Amano because he had purchased them from the bankruptcy trustee.  *Id*.  In November 2004,

7   Glassey filed another complaint against Amano, Williams, Hudson, Goldberg, and NIST in

8   CertifiedTime's then still-pending bankruptcy.  Adv. Proc. No. 04-5532, Docket entry for

9   11/18/2004; *see also* Makris Decl., Ex. D.  On December 1, 2004, the arbitration ended wholly in

10  favor of Amano, and the arbitrator awarded Amano over $400,000.  Yoo Decl., Ex. C.  A final

11  decree in CertifiedTime's bankruptcy issued on December 28, 2004.  No. 01-54207, Docket entry for

12  12/28/2004.  The bankruptcy court found Glassey's action against Amano, Williams, Hudson,

13  Goldberg, and NIST was not a core proceeding and dismissed it as outside the jurisdiction of the

14  bankruptcy courts.  Yoo Decl., Ex. E.

15         On March 16, 2005, Amano filed suit in San Francisco Superior Court to confirm its

16  arbitration award against Glassey.  *In re Amano Corp*., CPF-05-505101 (Pet.).  Glassey filed his

17  initial complaint in his present suit before this court on April 19, 2005.  On April 29, Glassey moved

18  in this court for an order to vacate or stay the superior court action, which was not granted.  Glassey

19  pointed out to this court the standards for removing a case, but does not appear to have filed a notice

20  of removal in the superior court.  The day before the decisive hearing in the superior court, Glassey

21  filed a motion to vacate or stay proceedings there pending the outcome of this federal case; that

22  motion was not granted.  *See* CPF-05-505101, Docket entry for 5/10/2005.  On May 11, 2005, Judge

23  James Warren of the superior court confirmed Amano's arbitration award and added interest and

24  Amano's additional attorneys' fees to the award against Glassey.  *Id*., Docket entries for 5/11/2005;

25  Yoo Decl., Ex. D.  On August 1, 2005, Glassey filed a notice of removal in this court; by that time,

26  the superior court case was closed.

27

28

1     In this case, Glassey has amended his complaint twice.[3]  His complaint contains the

2  following causes of action: bankruptcy fraud, 18 U.S.C. §§ 137, 152; misrepresentation of

3  bankruptcy assets, 18 U.S.C. § 152; fraudulent failure to turn over bankruptcy estate assets, 11

4  U.S.C. § 542; fraudulent concealment of bankruptcy estate property, 11 U.S.C. § 542, 18 U.S.C.

5  § 1431; filing of wrongful bankruptcy claims, 18 U.S.C. § 152; state-law breach of contract; state-

6  law tortious interference with economic advantage; unfair business practices, Cal. Bus. & Prof. Code

7  § 17200; and state-law violation of fiduciary duties.  Currently before the court are the motions to

8  dismiss of defendants Amano, Williams, Hudson, Goldberg, and NIST.

9                          **III.  ANALYSIS OF THE MOTIONS TO DISMISS**

10  **A.  Jurisdiction**

11     Rule 8(a)(1) requires a complaint to contain "a short and plaint statement of the grounds

12  upon which the court's jurisdiction depends."  Glassey's complaint sets forth no jurisdictional basis

13  _____

14     [3]     The defendants' motions to dismiss were initially set for hearing on October 28, 2005.
Two days before the hearing date, the parties stipulated to continue the hearing until December 16,
15  2005, because Glassey had become unexpectedly unavailable on October 28.  Between November 7
and December 5, 2005, Glassey made numerous filings.  Two of these filings purported to be further
16  amendments to Glassey's second amended complaint, adding a new claim against Amano and adding
Agilent Financial, Symmetricon Inc., Blueslate Solutions, David B. Wood, Richard Barnett, and Joe
17  Raiti as defendants.  Glassey did not move for leave to further amend his complaint before filing
these latest two amendments (nor are they in compliance with Civil L.R. 10-1).
18     Ninth Circuit case law on amending complaints states that

19          [a]fter a party has amended a pleading once as a matter of course, it
          may only amend further after obtaining leave of the court, or by consent of the
20          adverse party.  Generally, Rule 15 advises the court that leave shall be freely
          given when justice so requires.  This policy is to be applied with extreme
21          liberality. . . [T]he Supreme Court offered the following factors a district court
          should consider in deciding whether to grant leave to amend:  In the absence
22          of any apparent or declared reason—such as undue delay, bad faith or dilatory
          motive on the part of the movant, repeated failure to cure deficiencies by
23          amendments previously allowed, undue prejudice to the opposing party by
          virtue of allowance of the amendment, futility of amendment, etc.—the leave
24          sought should, as the rules require, be freely given.

25  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1050-51 (9th Cir. 2003) (citations and
quotation marks omitted).  The court will not grant Glassey leave to amend his complaint at this late
26  stage of the proceedings.  Glassey delayed the hearing on the defendants' motions to dismiss on
October 28, 2005, and it would be unjust to allow him to use the additional time to alter his
27  complaint.  An amendment of Glassey's complaint at this juncture would cause undue delay, as the
defendants began filing motions to dismiss in July 2005.
28

1    for his claims.  Defendants Amano, Hudson, and Goldberg argue that Glassey's failure to plead a

2    basis for jurisdiction requires dismissal of his claims.[4]

3         The rule is this circuit is clear.  So long as facts giving the court jurisdiction are set forth in

4    the complaint, the provision conferring jurisdiction need not be specifically pleaded.  *Williams v.*

5    *United States*, 405 F.2d 951, 954 (9th Cir. 1969); *Aguirre v. Auto. Teamsters*, 633 F.2d 168, 174 (9th

6    Cir. 1980).  Plaintiff not only alleges facts which give rise to federal question jurisdiction, but also

7    specifically alleges several federal causes of action.  It is obvious that this court has jurisdiction

8    under 28 U.S.C. §§ 1331, 1367(a).

9    **B.  Glassey's Standing to Assert Bankruptcy Fraud Claims**

10        Private parties generally lack standing to enforce federal criminal statutes.  Title 18 of the

11   United States Code covers "Crimes and Criminal Procedure;" violations of provisions of specific

12   sections of title 18 are typically prosecuted by the U.S. Attorney's offices.

13        Glassey seeks to enforce three sections of Title 18: sections 137, 152, and  1431.[5]  (Congress

14   specifically gave responsibility for enforcing 18 U.S.C. § 152 to the U.S. Attorneys and the Federal

15   Bureau of Investigation.  *See* 18 U.S.C. § 158.)  The other two sections Glassey cites, 18 U.S.C.

16   §§ 137 and 1431, do not exist.  Glassey lacks standing to enforce any cause of action based on Title

17   18 that he has alleged.  (Glassey himself seems to admit as much, stating that "The US Attorney

18   notices the Court that PLAINTIFF lacks standing to bring a Criminal Prosecution against the

19

20

21

22

23   [4]     On page 4 of their motion to dismiss, defendants Hudson and Goldberg assert that
     "[i]f the complaint fails to allege a basis for jurisdiction, it must be dismissed. *Thornhill Publishing
24   Co. v. General Tel. & Elect.*, 594 F.2d 730, 733 (9th Cir. 1979)."  Amano's motion to dismiss
     contains exactly the same misstatement (also on page 4). *Thornhill* does not deal with the issue of
25   whether a complaint must allege jurisdiction and instead focuses on whether the plaintiff established
     that there was a genuine issue of fact as to whether its intrastate activities substantially affected
26   interstate commerce.

27   [5]     There is no 18 U.S.C. § 1431.  Reversing the digits of the cited section results in
     "1341."  Title 18 U.S.C. § 1341 prohibits mail fraud.  The general discussion of Glassey's lack of
28   standing to enforce criminal statutes would be equally applicable to this criminal mail fraud statute.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND GRANTING SUMMARY JUDGMENT IN FAVOR OF
DEFENDANTS WITH LEAVE TO AMEND AS TO THE NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGIES &
ORDER ON ALL OTHER PENDING MOTIONS—No. C-05-01604 RMW
KMF/JAH                                        6

1  DEFENDANTS in this matter, and he is correct . . ."  Docket # 100 ¶ 19.)  All Glassey's claims

2  under Title 18 are therefore claims for which he cannot be granted relief.[6]

3  **C.  Defenses Specific to Agencies of the Federal Government**

4         **1.       Glassey's tort claims against NIST**

5        Defendant NIST argues that plaintiff's claims are barred by the Federal Tort Claims Act

6  ("FTCA") (codified at 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2402, 2671-80).  The FTCA limits

7  the scope of suits against a federal agency by providing that "[t]he authority of any federal agency to

8  sue and be sued in its own name shall not be construed to authorize suits against such federal agency

9  on claims which are cognizable under 28 U.S.C. § 1346(b)."  28 U.S.C. § 2679(a).  Thus, if a suit is

10  cognizable under § 1346(b), "the FTCA remedy is exclusive and the federal agency cannot be sued

11  in its own name." *FDIC v. Mayer*, 510 U.S. 471, 476 (1983).  Plaintiff, however, asserts that he is

12  not bringing any tort claims against NIST.  Docket # 82 at 10-11.  This court will take Glassey at his

13  word that he is not alleging any tort causes of action against NIST.[7]

14         **2.       Glassey's 11 U.S.C. § 542 claims against NIST**

15        Glassey alleges NIST violated 11 U.S.C. § 542 by fraudulently failing to turn over

16  bankruptcy estate assets and concealing estate property.  2d Amd. Compl. ¶¶ 35-39.  Plaintiff

17

18

---

19       [6]     Title 18 U.S.C. § 3057(a) states "Any judge, receiver, or trustee having reasonable
grounds for believing that any violation under chapter 9 of this title or other laws of the United
20  States relating to insolvent debtors, receiverships or reorganization plans has been committed, or
that an investigation should be had in connection therewith, shall report to the appropriate United
21  States attorney all the facts and circumstances of the case, the names of the witnesses and the
offense or offenses believed to have been committed.  Where one of such officers has made such
22  report, the others need not do so."  The court will take any action it deems appropriate under this
section, though Glassey lacks standing to pursue any such action himself.
23

24       [7]     To the extent that plaintiff may have brought causes of action in tort, defendant
NIST's motion to dismiss would be granted since plaintiff incorrectly named NIST as defendant.  In
25  addition, plaintiff has failed to allege that he met the administrative claim requirements of the
FTCA.  Before a claimant may bring an action against the United States for money damages for
26  injury or loss of property, the claimant must present the claim to the appropriate agency and must
either receive a conclusive denial of the claim from the agency or wait for six months to elapse
27  without a final disposition. *See* 28 U.S.C. § 2765(a); *Caton v. United States*, 495 F.2d 635, 638 (9th
Cir. 1974). The failure to file an administrative claim is a non-waiveable jurisdictional defect. *See*
28  *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992).

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND GRANTING SUMMARY JUDGMENT IN FAVOR OF
DEFENDANTS WITH LEAVE TO AMEND AS TO THE NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGIES &
ORDER ON ALL OTHER PENDING MOTIONS—No. C-05-01604 RMW
KMF/JAH                7

1  specifically states he is only seeking enforcement of U.S. bankruptcy law and recovery of his

2  property.  Docket # 82 at 10-11.

3      Title 11 § 542 generally requires  an entity in possession of property from which the trustee

4  of a debtor in a bankruptcy proceeding may derive benefit to turn over such property or its value.

5  11 U.S.C. § 542(a).  Property of the estate is defined as all legal and equitable interests of the debtor

6  in property at the commencement of the bankruptcy case.  11 U.S.C. § 541(a).  As such, turnover is

7  not intended as a remedy to determine disputed rights of parties to property; rather, it is intended to

8  obtain what is acknowledged to belong to the bankruptcy estate.  *See In re Gallucci*, 931 F.2d 738,

9  741 (11th Cir. 1991).

10     NIST argues that Glassy cannot assert a cause of action against it under § 542 for numerous

11  reasons.  The court agrees.  The exception to the FTCA's waiver of sovereign immunity prevents this

12  court from exercising jurisdiction over any fraud claim by Glassey against NIST.  *See* 28 U.S.C.

13  § 2680(h); *Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694, 697 (9th Cir. 1981) ("[C]laims

14  against the United States for fraud or misrepresentation by a federal officer are absolutely barred by

15  28 U.S.C. § 2680(h).").

16     Furthermore, Glassey cannot base any § 542 claims against NIST on the contract between

17  NIST and CertifiedTime.  The FTCA does not allow any sort of suit against the United States for

18  interference with contract rights.  *See* 28 U.S.C. § 2680(h); *Art Metal-U.S.A., Inc. v. United States*,

19  753 F.2d 1151, 1154-55 (D.C. Cir. 1985); *Dupreee v. United States*, 264 F.2d 140, 143-44 (3d Cir.

20  1959).  Glassey has not shown this court any exception to the FTCA that allows him to bring these

21  claims against NIST, and the court is not aware of one.[8]

22

23     [8]   Even if NIST did turn property over to the bankruptcy estate, the court does not see
    how this would benefit Glassey.  Glassey has released all claims against the bankruptcy estate of
24  CertifiedTime, so any property received by CertifiedTime would be unreachable by Glassey.
    Though Glassey styles himself as the successor to CertifiedTime, he was instead a creditor.  The
25  Supreme Court has recognized that a party must satisfy three minimum constitutional requirements
    in order to have standing to sue: (1) injury in fact; (2) causal causation between that injury and the
26  conduct of defendant; and (3) likelihood that a favorable decision would redress the injury.  *See*
    *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).  Glassey has failed to meet the third
27  requirement under *Lujan* since any recovery based on § 542 would have to go to the estate of
    CertifiedTime and could not benefit him.
28
    ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND GRANTING SUMMARY JUDGMENT IN FAVOR OF
    DEFENDANTS WITH LEAVE TO AMEND AS TO THE NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGIES &
    ORDER ON ALL OTHER PENDING MOTIONS—No. C-05-01604 RMW
    KMF/JAH                                    8

1    The court will dismiss Glassey's § 542 claims against NIST.

2    **3.  Glassey's state-law breach of contract claim against NIST**

3    Glassey asserts that NIST has breached the contract between CertifiedTime and NIST, and

4 that he, as the "successor" to CertifiedTime, may enforce the contract against NIST.  NIST counters

5 that Glassey lacks standing to enforce any contract rights against NIST, because, among other

6 reasons, the contract expired before Glassey obtained any assets from CertifiedTime's bankruptcy

7 estate.  NIST also argues that this court lacks subject-matter jurisdiction over Glassey's breach-of-

8 contract claim.

9    Glassey could not seek more than $10,000 in damages for breach of a contract by NIST

10 because district courts generally have jurisdiction over a "civil action or claim against the United

11 States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the

12 United States."  28 U.S.C. § 1346(a)(2).  Glassey, however, apparently seeks only injunctive relief

13 against NIST; the prayer for relief of his operative complaint discusses the return of property

14 allegedly held by NIST.  *See* 2d Am. Compl. at 21.  The court is unable to figure out what property

15 belonging to Glassey is allegedly being retained by NIST.  Is it property created or purchased by

16 NIST or is it property belonging to Glassey that was used during the CRADA?

17    The dispute-resolution provision of the CRADA appears to entitle NIST to summary

18 judgment.  Under section 10.1 of the agreement:

19    Any dispute arising under this Agreement which is not disposed of by agreement of
     the Parties shall be submitted jointly to the signatories of this Agreement.  A joint
20    decision of the signatories or their designees shall be the disposition of such dispute.
     If the Parties cannot reach a joint decision, either Party may terminate this Agreement
21    immediately.

22 CRADA at 6.  NIST is correct that, effectively, "cancellation of the CRADA was the only remedy

23 available to either party in the event of a dispute."  Docket # 66 at 10.  Assuming for the sake of

24 argument that Glassey obtained any rights under the CRADA, his sole remedy under the contract is

25 the process described above.  The court will therefore grant NIST summary judgment on Glassey's

26 breach-of-contract claim.  If, however, Glassey is claiming that NIST is retaining some property that

27

28

1   he gave NIST possession of during the existence of the CRADA, he may file an amended complaint

2   to clearly so state.

3   **D. *Res Judicata***

4       As the late Charles Alan Wright noted, "Courts today are having difficulty giving a litigant

5   one day in court.  To allow that litigant a second day is a luxury that cannot be afforded." *Law of*

6   *Federal Courts* § 100A (6th ed. 2002).  *Res judicata* serves to "relieve parties of the cost and

7   vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions,

8   encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  While judges

9   would perhaps prefer solutions that made both sides happy, situations in which there is a mutually-

10   agreeable solution rarely end up in court.  Thus, in many disputes decided in court, one side loses.

11   The parties must accept this and move on, rather than becoming enmeshed in a never-ending cycle

12   of litigation about litigation.

13       Philosophical musings aside, "[u]nder res judicata, a final judgment on the merits of an

14   action precludes the parties or their privies from relitigating issues that were or could have been

15   raised in that action." *Id*.  A party unhappy with a decision must seek review upwards through

16   appellate courts, rather than laterally attacking a judgment from another (or even the same) trial

17   court.  This court must give the same preclusive effect to the judgment of a state court as that state

18   judicial system would.  *Gilbert v. Ben-Asher*, 900 F.2d 1407, 1410 (9th Cir. 1990).

19       **1. Glassey's claims against Amano**

20       All Glassey's claims against Amano are barred by the parties' prior litigation.  The doctrine

21   of *res judicata* precludes not only claims that were actually brought in a prior case, but all claims

22   that could have been brought because they were based on the same common nucleus of operative

23   fact. *See Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982).  Each of

24   Glassey's causes of action stems from events related to the bankruptcy of CertifiedTime.  Glassey

25   seeks to relitigate against Amano claims he has previously asserted in the bankruptcy of

26   CertifiedTime, as well as claims that were arbitrated.  The arbitration was confirmed in a California

27

28

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND GRANTING SUMMARY JUDGMENT IN FAVOR OF
DEFENDANTS WITH LEAVE TO AMEND AS TO THE NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGIES &
ORDER ON ALL OTHER PENDING MOTIONS—No. C-05-01604 RMW
KMF/JAH            10

1    Superior Court action on May 19, 2005.  Glassey challenged the underlying arbitration in the

2    superior court.  *See Amano Corp. v. Glassey*, No. CPF-05-505101, Respt's Mem. (April 6, 2005).

3            Glassey cannot challenge the arbitration award in this court, as that would in essence entail

4    this court reviewing a decision of the superior court.  Federal lower court review of a state-court

5    decision is barred by the *Rooker-Feldman* doctrine.  *Kougasian v. TMSL, Inc*., 359 F.3d 1136, 1139

6    (9th Cir. 2004).  Had Glassey wished to contest the confirmation of the arbitration award, he would

7    have had to follow the proper procedure for appeal up through the California state-court system,

8    with a possible final appeal to the United States Supreme Court.  *See* 28 U.S.C. § 1257(a).  Glassey

9    cannot maintain any of his claims against Amano in this court, and the court will grant summary

10   judgment in favor of Amano on all claims.

11           **2.  Glassey's claims against Hudson, Williams, and Goldberg**

12           Defendants Hudson, Williams, and Goldberg assert that Glassey's claims against them are

13   barred by, among other things, *res judicata*, the statute of limitations, and the settlement agreement

14   the parties executed in May 2002.  This settlement agreement was between Glassey, on one side, and

15   Williams, Goldberg, Hudson, and Bernadette La Casse, on the other.  Makris Decl., Ex. B

16   (Settlement Agreement at 1).  The agreement stated that the parties surrendered "all claims of every

17   nature, kind, or description whatsoever, whether known or unknown and whether suspected or

18   unsuspected, existing on the date of this Release."  *Id*. (Settlement Agreement at 2).  The plain

19   language of this release covers Glassey's current claims against Williams, Hudson, and Goldberg.

20           Around the time of this release, the parties stipulated to a dismissal with prejudice in the

21   bankruptcy court.  Adv. Proc. No. 01-5317, Docket entry for 5/28/2002.  The doctrine of *res*

22   *judicata* now bars any claims that Glassey could have asserted in his adversarial bankruptcy

23   proceeding.  While judgments of bankruptcy courts may be appealed to district court, 28 U.S.C. §

24   158(a), such appeals must be taken within ten days of the entry of judgment, Fed.R.Bankr.Pro. 8002.

25   Glassey did not appeal within ten days; rather, he filed this original action almost four months after

26   the final decree in the bankruptcy action.

27

28

1    The prior dismissal with prejudice and the release are each sufficient alone to bar all

2  Glassey's current claims against Williams, Goldberg, and Hudson.  The court therefore will grant

3  summary judgment to Williams, Goldberg, and Hudson as to all causes of action against them.

4                              **IV.  OTHER PENDING MOTIONS**

5    All other pending motions by Glassey are denied.  If, in light of the dismissals, Glassey

6  believes he can state a claim against a new defendant, he must file a properly-noticed motion for

7  leave to name such defendant.

8                                      **V.  ORDER**

9    For the reasons given above, the court

10   (1)  dismisses all Glassey's claims under Title 18 for lack of standing;

11   (2)  grants summary judgment in favor of NIST on Glassey's breach-of-contract

12   claim;

13   (3)  dismisses all other claims against NIST as barred by the FTCA;

14   (4)  grants summary judgment in favor of defendants Amano, Williams, Goldberg,

15   and Hudson as to all of Glassey's causes of action against them; and

16   (5)  grants Glassey leave to amend his breach-of-contract claim against NIST to state

17   a claim for return of property against NIST.

18

19

20  DATED:      3/31/06                          /s/ Ronald M. Whyte
                                                 RONALD M. WHYTE
21                                               United States District Judge

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND GRANTING SUMMARY JUDGMENT IN FAVOR OF
DEFENDANTS WITH LEAVE TO AMEND AS TO THE NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGIES &
ORDER ON ALL OTHER PENDING MOTIONS—No. C-05-01604 RMW
KMF/JAH                                    12

1  **Notice of this document has been electronically sent to:**

2  **Plaintiff (*pro se*):**

3  Todd S. Glassey                    todd.glassey@att.net

4  **Counsel for Defendants:**

5  Peter L. Isola                     peterisola@dwt.com
   Salle E. Yoo                       salleyoo@dwt.com
6  Mark Williams (*pro se*)
   Andrea L. Courtney                 andrea.courtney@pillsburylaw.com
7  Mark St. Angelo                    mark.st.angelo@usdoj.gov
   Joann M. Swanson                   joann.swanson@usdoj.gov
8  Kevin V. Ryan
   A. Francis Acker (*pro se*)
9  Chinhayi J. Coleman               chinhayi.j.coleman@usdoj.gov

10

   Counsel are responsible for distributing copies of this document to co-counsel that have not
11 registered for e-filing under the court's CM/ECF program.

12

13

14 **Dated:**          3/31/06                              /s/ JH
                                                   **Chambers of Judge Whyte**
15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND GRANTING SUMMARY JUDGMENT IN FAVOR OF
DEFENDANTS WITH LEAVE TO AMEND AS TO THE NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGIES &
ORDER ON ALL OTHER PENDING MOTIONS—No. C-05-01604 RMW
KMF/JAH                                13