**E-FILED on** 5/18/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TODD S. GLASSEY,<br><br>Plaintiff,<br><br>v.<br><br>AMANO CORPORATION; MARK WILLIAMS; HUDSON VENTURE PARTNERS, L.P.; JAY GOLDBERG; THE NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGIES; and A. FRANCIS ACKER;<br><br>Defendants. | No. C-05-01604 RMW<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION; DENYING MOTION FOR SEPARATE JUDGMENT UNDER RULE 54(b); DENYING MOTION TO SET ASIDE ARBITRATOR'S AWARD; SETTING TIME LIMIT TO FILE MOTION FOR LEAVE TO AMEND COMPLAINT<br><br>[Re Docket Nos. 169, 171-185] |

Plaintiff Todd S. Glassey moves for leave to file a motion for reconsideration of this court's March 31, 2006 order dismissing claims against and granting summary judgment in favor of defendants Amano Corporation, Mark Williams, Jay Goldberg, Hudson Venture Partners, L.P., and the National Institute of Standards and Technologies. Nothing Glassey presents indicates the court failed to consider facts or law that would change the outcome in the March 31, 2006 order. Glassey's motion for leave is therefore denied on the merits.

Defendants Amano, Williams, Goldberg, and Hudson move for entry of a separate judgment in their favors under Rule 54(b). "[P]iecemeal appeals in cases which should be reviewed only as single units" are highly disfavored. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797-98 (9th Cir. 1991). While the court understands these defendants' desires for final resolution of Glassey's claims against them, there is no compelling reason that the appellate courts should have to consider this matter piecemeal. For higher courts to go through the voluminous record in this case multiple times would be a waste of judicial resources. The motion for entry of judgment under Rule 54(b) is denied.

Glassey moves to set aside the arbitration award which was confirmed by the California Superior Court. Setting aside the arbitration award would necessarily overturn the state court's confirmation of the award and is therefore impermissible under the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517 (2005). Glassey's motion to set aside the arbitration award is therefore denied.

Glassey has lodged documents with this court that indicate he is currently pursuing an appeal before the Court of Appeals for the Federal Circuit. While Glassey's appeal appears premature[1] and directed to the wrong court, among other problems, those determinations are for the Court of Appeals. As there will be no reconsideration of the March 31, 2006 order, Glassey's operative complaint (his second amended complaint, docket no. 25) remains dismissed. With no operative complaint in this action and therefore no defendants,[2] substantive motions such as the one to set aside the arbitration award cannot be granted. If Glassey wishes to file (1) an amended complaint conforming to the limits of the March 31, 2006 order or (2) a motion for leave to amend his

---

[1] There is currently no judgment from which Glassey may take an appeal, and this court has not certified any issues for interlocutory appeal. Whether an order is an appealable collateral order that "conclusively determine[s] the disputed question, resolve[s] an important issue completely separate from the merits of the action, and [would] be effectively unreviewable on appeal from a final judgment," as required by *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) (internal quotation marks omitted), is a matter to be determined by the reviewing appellate court. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1103 (9th Cir. 2005).

[2] Glassey's motions to amend his complaint and add as a defendant Blueslate Solutions LLP were denied in the March 31, 2006 order.

ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION; DENYING MOTION FOR SEPARATE JUDGMENT UNDER RULE 54(b); DENYING MOTION TO SET ASIDE ARBITRATOR'S AWARD; SETTING TIME LIMIT TO FILE MOTION FOR LEAVE TO AMEND COMPLAINT—No. C-05-01604 RMW
JAH                                                              2

complaint under Rule 15(a) and within the limits set by the March 31, 2006 order, he must do so by June 1, 2006; otherwise, the court will enter a final judgment in this action.

**ORDER**

For the foregoing reasons, the court

(1) denies Glassey's motion for reconsideration;

(2) denies Amano, Williams, Goldberg, and Hudson's motion for entry of a separate judgment under Rule 54(b);

(3) denies Glassey's motion to set aside the arbitration award;

(4) instructs Glassey that the court will enter a final judgment in this action unless he files an amended complaint conforming to the limits of the March 31, 2006 order or a motion for leave to amend his complaint under Rule 15(a) and within the limits set by the March 31, 2006 order by June 1, 2006.

DATED:     5/18/06

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Plaintiff (*pro se*):**

Todd S. Glassey             todd.glassey@att.net

**Counsel for Defendants:**

Peter L. Isola              peterisola@dwt.com
Salle E. Yoo                salleyoo@dwt.com
Mark Williams (*pro se*)
Andrea L. Courtney          andrea.courtney@pillsburylaw.com
Mark St. Angelo             mark.st.angelo@usdoj.gov
Joann M. Swanson            joann.swanson@usdoj.gov
Kevin V. Ryan
A. Francis Acker (*pro se*)
Chinhayi J. Coleman         chinhayi.j.coleman@usdoj.gov

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     5/18/06                         /s/ JH
                                        **Chambers of Judge Whyte**